Rex, J.
In the District Court, this case and the cases of Eleanor Douglass v. Hugh Campbell, and Eleanor Douglass v. John Gaynor, were heard at the same time, and decided, upon the same testimony, and as the testimony given at the trial, except that of Daniel Shanley, and a certified copy of the record of the proceedings of the trustees of the road-district, is not set out in the bills of exceptions taken at the-hearing, it must be assumed that there was sufficient evidence to sustain the findings of the court on the issues-joined between the parties by their pleadings.
It is claimed by counsel for the plaintiff in error, that defenses 2 and 7 of the answer each allege new matter which is not controverted by the reply, and that the new matter so alleged constitutes a valid defense to the action.
Defense 2 is as follows : “ 2. These defendants say, that the whole number of resident owners of lots of ground fronting on said street, between the points aforesaid, at the date of signing and presentation of said pretended petition, was eleven, and no more ; that of said eleven, four did not sign said petition, and four of those who did sign were minors,, and therefore incapable, in law, of giving validity to the said petition by signing the same. Of the remaining three who-did sign said petition, two signed the same under an express-agreement between them and one of the members of said board of trustees and the plaintiff, that-they, the said two signers, should have the privilege of making improvements on said street in front of their own property, and which agreement was a secret one, and a fraud upon the defendants and the owners of property on said street. The single-remaining signer to said pretended petition was the owner of only twenty-five feet front upon said street. These de~ fendants-say, that by reason of the facts above stated, said *140 pretended petition was wholly invalid, and, for the rea-sons above, the costs of the improvement of said street can not be legally assessed upon the lots of land abutting and ■bounding upon the same.”
On the subject of this defense, the petition, whethei properly or not, it is not necessary now to decide, contains -the averment:
“ That a petition signed by more than two-thirds of the ■resident owners of the lots of land fronting on Jefferson ••street, between Calhoun and St. Clair streets, was presented to the board of trustees of the special road village of Mt. .Auburn, Walnut Hills, and Clintonville, at their regular •meeting, on the 23d day of September, 1868, the prayer ■of which was, that the gráde of said street be established, and the street be graded full width, gutters paved, curbs set, sidewalks flagged, and roadway macadamized, and that ■such bridges, culverts, and well-holes be constructed as ¿should be found necessary.”
The matters contained in defense No. 2 can not, when carefully analyzed, be regarded in any other light than that •of a specific denial of the facts averred in the petition. The number of resident owners of lots abutting on the street who signed the petition, and their capacity to act in the premises, were proper subjects of inquiry in the case, and ■■could, in our opinion, have been inquired into and decided under the general denial.contained in the answer, and that therefore the specific denial was unnecessary, and need not be controverted by a reply. Por the purpose of testing the question, suppose that the petition of the plaintiff below had contained no averment on the subject, and the ■questions of the validity of the petition upon which the trustees acted had been first presented by the answer, it must be conceded that a reply, averring that the petition presented to the trustees for the improvement was signed by two-thirds of the resident owners of lots abutting on the street, would have sufficiently controverted the answer to allow the introduction of testimony upon the points made in this defense. Such an averment relates mot only *141 to the proportion of the petitioning lot-owners as compared-' with the whole number, but also to their capacity to act, in the premises under the provisions of the statute.
The remaining allegations of this defense are immaterial,. for the reason that, if the improvement was completed, the' fact that portions of it were completed by persons other ■ than the contractor could not injuriously affect the plaintiff in error; nor could he be so affected by the fact that one-of the petitioners owned “only twenty-five feet front upon' said street.”
The seventh defense, after denying generally the averment of the petition, “that the plaintiff completed the-work in accordance with the terms of his contract,” pro- - ceeds to aver that the trustees and engineer failed to perform their duty by accepting the work before it was completed, specifying particularly the defects in the work at-the time it was accepted, in fraud, as is claimed, of the rights of the defendant. If this latter portion of the defense-were admitted, we are unable to perceive how, or in what manner, it could affect the right of the defendant in error to recover for the work actually performed, under the contract, at the price therein stipulated. The general denial in this defense putin issue the averments of the petition - in this regard, and under the issue so made, all defects in the work could be deducted from the price stipulated in the-contract to be paid therefor; and this leads us to the conclusion that this defense is simply a general denial of the averments of the petition above referred to.
The contract specifies the work to bo performed, the manner of its performance, the size, kind, quality, and quantity of the material to be used, and the price to be paid to the-contractor for each of the several kinds of material and. labor necessary to complete it, so that the value of the material used, and the labor performed, can be arrived at with mathematical certainty. The value so ascertained is the-measure of the lien, under the contract, upon the lots assessed.
It is also claimed that the District Court erred in sustain- • *142 ing the objections to, and refusing to permit the questions .asked of Daniel Shanley to be answered.
The rule of recovery in the action was properly held to be upon the basis of the contract, and not upon the basis indicated in the questions to the witness, and hence we are •of opinion that the court did not err either in sustaining the objections to the questions asked, or in refusing to permit the questions to be answered. It is also assigned for •error that the proceedings and ordinances establishing the grade and directing the improvement, assessment, etc., were not concurred in by all the trustees of the road district, and that the ordinance establishing the grade is void, for want of certainty. The act of May 3, 1852, S. & C. 1509, under which the improvement was made, does not require the concurrence of all the trustees to direct the improvement of a street in such road district.
It does not clearly appear from the proceedings of the trustees that they all concurred in the ordinance directing the improvement to be made, and the subsequent proceedings under it, but it does appear that a majority of the trustees concurred ;.and it further appears that all the trustees concurred in the ordinance assessing the lots abutting ■on the street, to pay the price agreed to be paid for the improvement. We are therefore of opinion that the ordinances for the purposes named are valid, and sufficiently ■certain.
The remaining assignments of error, and the points made in argument, both oral and written, relate to the •question of the constitutionality of the act under which the proceedings were had.
On this question it is deemed sufficient to say that the point was made, and, as we believe, correctly decided in favor of the constitutionality of the act, in Hill v. Rigdon, 5 Ohio St. 243; Powers v. The Commissioners of Wood County, 8 Ohio St. 285, and in several cases subsequently decided.
The judgment of the District Court is therefore affirmed, *143 and the cause remanded to the Court of Common Pleas to carry the judgment into execution.
McIlvaine, C. J., and Welch, White, and Gilmore, JJ., concurred.